UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
ANTHONY KELLY,

       Plaintiff,

   -against-

Police Officer ADAM CONLIN, Shield No. 7146; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

       Defendants.
------------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.     Plaintiff demands a trial by jury in this action.

## PARTIES

6.     Plaintiff Anthony Kelly ("plaintiff" or "Mr. Kelly") is a resident of Kings County in the City and State of New York.

7.     Defendant Police Officer Adam Conlin, Shield No. 7146 ("Conlin"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Conlin is sued in his individual and official capacities.

8.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10.    At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11.    At approximately 9:30 p.m. on February 18, 2013, plaintiff was lawfully a

passenger in a vehicle driven by a friend in the vicinity of 766 Ocean Avenue in Brooklyn, New York.

12. Defendants pulled the car over, demanded that Mr. Kelly and the driver exit the vehicle and searched Mr. Kelly without probable cause or reasonable suspicion to believe he had committed any crime or offense.

13. Defendants handcuffed him.

14. Defendants threw Mr. Kelly to the ground, aggressively continued to search him in the street, including searching inside of his underwear.

15. When Mr. Kelly objected to the unlawful search, defendants said, in sum, "shut the fuck up."

16. No contraband was recovered.

17. Defendants threatened to falsely arrest Mr. Kelly if he did not "bring them a gun." Plaintiff responded that he did not have a gun.

18. Defendants then took Mr. Kelly to their unmarked car and again threatened plaintiff saying, in sum, "this is your last chance," either get us a gun or we will arrest you.

19. Under the threat of arrest, Mr. Kelly attempted to comply with the defendants' commands.

20. Defendants then took Mr. Kelly to a police precinct and charged him with criminal possession of a weapon, a felony, and prepared false paperwork to the

effect, including an arrest report.

21. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff in criminal possession of a weapon.

22. At no point did the officers ever observe Mr. Kelly in possession of a gun.

23. Plaintiff was eventually taken to Brooklyn Central Booking.

24. After approximately 15 hours at Central Booking, plaintiff was arraigned in Kings County Criminal Court where bail was set.

25. Because Mr. Kelly was unable to make bail, he was taken to Rikers Island where he spent approximately three days.

26. On or about February 22, 2013, all charges were dismissed against Mr. Kelly and he was released from Rikers Island.

27. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

30. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

33. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

36. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

37. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

### FOURTH CLAIM
### Unreasonable Force

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

40. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. The individual defendants created false evidence against plaintiff.

43. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

44. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

45. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure To Intervene

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

48. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

49. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   June 11, 2013
         New York, New York

HARVIS WRIGHT
SALEEM & FETT LLP

_____
Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@hwsflegal.com

*Attorney for plaintiff*